IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

EMILIO NOGUERO-MARRERO                                    PETITIONER


v.                              NO. 2:05CV00099 JLH/JFF


LINDA SANDERS,
Warden, FCI Forrest City,
Arkansas                                                 RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

On June 11, 1997, after a jury trial in the United States District Court for the Western District of Missouri, Petitioner was convicted of being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). In the pre-sentence report, it was determined that because Petitioner's conviction was for violating 18 U.S.C. § 922(g) and because he was subject to an enhanced sentence under the Armed Career Criminal Act [1] ("ACCA"), Petitioner was an "armed career criminal" within the meaning of U.S.S.G. § 4B1.4. Accordingly, Petitioner's offense level was increased to 33, and he was given a criminal history category of IV. The ACCA mandates a minimum fifteen-year prison sentence for any person who is convicted under 18 U.S.C. § 922(g) and who has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). Under the ACCA, the term "violent felony" includes burglary punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner's prior convictions included a 1983 Florida state conviction for burglary of a dwelling entered upon a guilty plea.

On September 9, 1997, the district court, pursuant to the ACCA, sentenced Petitioner to a term of 192 months' imprisonment. The Eighth Circuit affirmed the judgment of the district court. United States v. Marrero, 152 F.3d 1030 (8th Cir. 1998). On August 27, 1999, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. On March 22, 2000, the court denied the motion. Petitioner did not appeal from the order denying the motion.

On April 27, 2005, Petitioner, who is incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed his § 2241 petition in this Court alleging the following ground for relief:

---

[1] 18 U.S.C. § 924(e).

In light of the United States Supreme Court's decision in <u>Shepard v. United States</u>,[2] he is actually innocent of his 1983 Florida conviction for burglary of a dwelling, which was one of the predicate offenses used to enhance his sentence under the ACCA and, therefore, he is actually innocent of the enhancement of his federal sentence under the ACCA.

In <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the United States Supreme Court read the listing of "burglary" as a predicate violent felony in the ACCA to refer to "generic burglary," an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." <u>Taylor</u>, 495 U.S. at 599. Because statutes in some states define burglary more broadly, as by extending it to boats and cars, the Court considered how a federal court sentencing under the ACCA might tell whether a prior burglary conviction was for the generic offense. The Supreme Court held that the ACCA generally prohibits the federal sentencing court from delving into the particular facts disclosed by the record of conviction, thus leaving the court normally to "look only to the fact of conviction and the statutory definition of the prior offense." <u>Id</u>. at 602. The Court recognized an exception to this "categorical approach" only for "a narrow range of cases where a jury [in a State with a broader definition of burglary] was actually required to find all the elements of generic burglary." <u>Id</u>. The Court gave the following example of such a case: "[I]n a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." <u>Id</u>. The

---

[2] 125 S. Ct. 1254 (2005).

Supreme Court therefore held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id.

In Shepard, the defendant plead guilty in federal district court to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Government claimed that the defendant's four prior state burglary convictions entered upon pleas of guilty under a Massachusetts burglary statute mandated a 15-year minimum sentence under the ACCA. The offenses charged in the state complaints were broader than generic burglary. The Government urged the district court to examine reports submitted by the police with applications for issuance of the complaints as a way of telling whether the defendant's guilty pleas went to generic burglaries, notwithstanding the broader descriptions of the offenses in the complaints, descriptions that tracked the more expansive definition in Massachusetts law. The district court concluded that Taylor forbade this and that investigation within the Taylor limits failed to show that the defendant had three generic burglary convictions. The district court refused to impose the 15-year mandatory minimum sentence under the ACCA. On appeal, the First Circuit vacated the defendant's sentence and ruled that complaint applications and police reports may count as "sufficiently reliable evidence for determining whether a defendant's plea of guilty constitutes an admission to a generically violent crime." United States v. Shepard, 231 F.3d 56, 67 (1st Cir. 2000). On remand, the district court again declined to impose the 15-year mandatory minimum

sentence. On appeal, the First Circuit again vacated the defendant's sentence and remanded the case to the district court with instructions to impose the 15-year mandatory minimum sentence. United States v. Shepard, 348 F.3d 308, 311 (1st Cir. 2003). The United States Supreme Court granted *certiorari* to address divergent decisions by the Court of Appeals applying Taylor when prior convictions stem from guilty pleas, not jury verdicts.

The Supreme Court in Shepard first concluded that "guilty pleas may establish ACCA predicate offenses and that *Taylor's* reasoning controls the identification of generic convictions following pleas, as well as convictions on verdicts, in States with nongeneric offenses." Shepard, 125 S. Ct. at 1259. The Supreme Court found that developments in the law since Taylor, i.e, its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000),[3] provided "a further reason to adhere to the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary." Id. at 1262. The Court then held that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or

---

[3]   In Apprendi, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

to some comparable judicial record of this information." Shepard, 125 S. Ct. at 1263. The Court held that a sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." Id. at 1257

In support of his assertion that in light of Shepard he is actually innocent of his 1983 Florida conviction for burglary of a dwelling and that, therefore, he is actually innocent of the enhancement of his federal sentence under the ACCA, Petitioner alleges that the "Florida burglary charged in the State complaint was broader than generic burglary" and that the "Florida State statute requires no finding of generic burglary." See Petitioner's Habeas Petition, docket entry # 2, pp. 13, 15. He further alleges (1) that there was no written plea agreement, (2) that during the plea colloquy, the police report was never mentioned nor read by the presiding judge, (3) that at no time was he asked by the court if the allegations in the police report were true, and (4) that he never admitted the truth of the information contained in the report as part of his plea. Petitioner's Habeas Petition, docket entry # 2, pp. 14, 15.

The Respondent has filed a motion to dismiss Petitioner's petition (docket entry # 4), asserting that Petitioner is precluded from presenting his claims pursuant to § 2241 because he cannot satisfy the requirements of § 2255's savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his detention.

In his § 2241 petition, Petitioner attacks the legality of his federal sentence on his conviction for being a felon in possession of a firearm. A collateral challenge to the legality of a prisoner's federal sentence generally must be filed in the sentencing court pursuant to § 2255 and not in the court of incarceration pursuant to § 2241. Hill v.

Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). It is not by accident that Petitioner, who has already been denied § 2255 relief, has chosen to raise his claim in a § 2241 petition. The Antiterrorism and Effective Death Penalty Act's gatekeeping regime presents an almost impenetrable barrier to his filing a second or successive § 2255 motion alleging these claims. Under the regime, authorization from the appropriate Court of Appeals is a prerequisite to filing a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003). Authorization may be granted only if the appropriate Court of Appeals certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255, ¶ 8.

Section 2255 contains a narrowly-circumscribed savings clause that permits a federal prisoner to file a § 2241 petition attacking his underlying conviction or the validity of his sentence if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." United States, ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (quoting 28 U.S.C. § 2255), cert. denied, 537 U.S. 869 (2002). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." United States v. Lurie, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)). Section

2255 is not inadequate or ineffective merely because § 2255 relief has already been denied, or there is a procedural barrier to bringing a § 2255 motion. Lurie, 207 F.3d at 1077.

Petitioner asserts that § 2241 jurisdiction is triggered by the savings clause in § 2255 because he did not have a chance to raise his claim in his prior § 2255 petition because circuit precedent foreclosed any challenge to his sentence until Shepard was decided.

The Eighth Circuit has not set forth the precise circumstances in which § 2241 jurisdiction is triggered by the savings clause in § 2255. Two United States District Judges in the Eastern District of Arkansas,[4] upon recommendation of the Magistrate Judge undersigned, have adopted the savings clause test used by the Fifth and Eleventh Circuits (the "Reyes-Requena test"). Davila-Moreno v. Jeter, 2:04CV00127 WRW/JFF, recommended disposition at 7-8 (E.D. Ark. Sept. 21, 2004), adopted by order of district court (Oct. 20, 2004); Hickman v. Sanders, 2:04CV00160 WRW/JFF, recommended disposition at 7 (E.D. Ark. June 1, 2005), adopted by order of district court (June 22, 2005); Hawthorne v. Sanders, 2:05CV00020 GH/JFF, recommended disposition at 6-7 (E.D. Ark. May 17, 2005), adopted by order of district court (June 14, 2005). Under this test, § 2241 jurisdiction may be triggered by the savings clause in § 2255 if (i) a claim raised in a § 2241 petition is based on a retroactively applicable United States Supreme Court decision, (ii) the Supreme Court decision establishes that the petitioner may have been convicted of a nonexistent federal offense, and (iii) the

---

[4] William R. Wilson and George Howard, Jr.

claim was foreclosed by the circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 537 U.S. 1241 (2003); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The Magistrate Judge recommends that the Reyes-Requena test be used in this case.

Petitioner has not met the Reyes-Requena test. First, the United States Supreme Court's decision in Shepard, which is based in part on Apprendi, does not apply retroactively to cases on collateral review. Olivas-Gutierrez v. United States, 2005 U.S. Dist. LEXIS 9900 at 11-12 (W.D. Tex. May 19, 2005) (Shepard represents a new procedural rule that is not retroactive to cases on collateral review); Morales v. United States, 2005 U.S. Dist. LEXIS 5896 at 11 (D. Minn. April 7, 2005) (As Shepard is based on Apprendi, it does not apply retroactively); Gutierrez v. United States, 2005 U.S. Dist. LEXIS 12351 at 4 (D. Minn. June 23, 2005) (Shepard is non-retroactive). Cf. Perez, 286 F.3d at 1062 (Apprendi does not apply retroactively). Secondly, Shepard does not establish that Petitioner may have been convicted of a nonexistent federal offense. Shepard implicates only the validity of Petitioner's enhanced sentence. "'Actual innocence' for the purposes of savings clause test set forth in Reyes-Requena can only be shown if [the petitioner can] prove . . . that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a [federal] crime." Thomas v. Jeter, 2005 U.S. Dist. LEXIS 2424 at 4 (N.D. Tex. Feb. 17, 2005) (citing Wesson, 305 F.3d at 347-48); Hickman v. Sanders, 2:04CV00160 WRW/JFF, recommended disposition at 7. A prisoner's actual innocence of an enhanced sentence

is insufficient to demonstrate actual innocence under the test. Thomas v. Jeter, 2005 U.S. Dist. LEXIS 2424 at 4; Hickman v. Sanders, 2:04CV00160 WRW/JFF, recommended disposition at 7. Cf. Wesson, 305 F.3d at 348 (an Apprendi argument does not amount to a claim that a prisoner was convicted of a nonexistent offense as required by the Reyes-Requena savings clause test because Apprendi implicates only the validity of the sentence); Perez, 286 F.3d at 1062 (§ 2255 is adequate and effective to raise an Apprendi claim and, therefore, a petitioner cannot use § 2241 to raise such a claim).

Because Petitioner has not met the first two prongs of the Reyes-Requena test and, therefore, has not triggered § 2241 jurisdiction, it is unnecessary to determine whether Petitioner has met the third prong of the Reyes-Requena test, i.e, that the petitioner's claim was foreclosed by the circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. The Magistrate Judge does note that Petitioner has not cited any Eighth Circuit case indicating that his claim was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in his § 2255 motion.

In conclusion, the Magistrate Judge finds that Petitioner has not met his burden of establishing that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, this Court lacks subject matter jurisdiction to entertain Petitioner's § 2241 petition, and the Magistrate Judge recommends that the petition be dismissed without prejudice. Hill, 349 F.3d at 1091-93 (affirming district court's dismissal of § 2241 petition, finding that district court properly concluded that § 2255 was adequate and effective to test the legality of the prisoner's conviction and

that it therefore lacked subject matter jurisdiction to entertain the petition).

THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 18th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE